# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF EASTERN TEXAS
( Ward R. Burke United States Courthouse, 104 North Third Street, Lufkin, Texas 75901)

| | |
|---|---|
| Presidential Candidate Number P60005535 "also known as" (aka) Ronald Satish Emrit, & Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America<br>　　Plaintiffs (Pro Se)<br><br>v.<br><br>World Intellectual Property Organization (WIPO), World Bank, International Monetary Fund (IMF), European Union, European Economic Community (EEC)<br>　　Defendants | 9:25cv114 Truncale/Stetson<br><br>C. A. No.: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the following four defendants in the amount of $500 billion against the aforementioned defendants for the tortious interference with business relations and/or contracts. In bringing forth this complaint, the plaintiff states, avers, and alleges the following

# I.) NATURE OF THE CASE

1.) The plaintiff's membership number with ASCAP is **1696427** and the plaintiff has been a member of ASCAP since 2005 when he signed an IRS Form W-9 and chose ASCAP to be his Performing Rights Organization (PRO) instead of Broadcast Music, Inc. (BMI) or SESAC. These are the Work ID numbers and ISWC codes for "Satish Dat Beast" on ASCAP

https://www.ascap.com/repertory#/ace/performer/SATISH%20DAT%20BEAST

2.) However, the plaintiff has never received one royalty check from ASCAP since 2005 and filed a lawsuit for an accounting of the profits in 2013 against ASCAP, Sound Exchange, and Tunecore in USA District Court of Rhode Island at One Exchange Terrace presided over by Chief Judge Mary Lisi and Magistrate Judge LIncoln D. Almond where the clerks of the court were John Duhamel and Kerrie Johnson.

3.) The UPC barcode for the plaintiff's first album "Unleash the Beast" is **837101366137** which was manufactured by Disc Makers of Pennsauken, New Jersey and distributed by CD Baby of Portland, Oregon both of which have the parent corporation Audio Visual Labs (AVL) represented by the attorney Joseph Armstrong of Offit Kurman law firm in Philadelphia, PA.

4.) The ASIN number for the plaintiff's album WElcome to Atlantis on Amazon is **B01MFFO0U6** which was distributed by Ditto Music of England

https://dittomusic.com/en

5.) These are the ISRC numbers for "Satish Dat Beast" provided my Sound Exchange of Washington, DC represented by attorney Barry Slotnick of New York in Rhode Island case https://isrc.soundexchange.com/?tab=%22simple%22&artistName=%22Satish+Dat+Beast%22

6.) This website with Library of Congress proves that the plaintiff has music which is copyrighted with Form PA and Form SR

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&Search%5FArg=Satish%20Dat%20Beast&Search%5FCode=FT%2A&CNT=25&PID=ZmkFZh7Cqsf9li05NI5D9TeYPqelvwB&SEQ=20250330013810&SID=7

https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=2&ti=1,2&Search%5FArg=Satish%20Dat%20Beast&Search%5FCode=FT%2A&CNT=25&PID=LPyTM_AEtTbHUPkj2i4M_3yq4NZ16Kh&SEQ=20250330013924&SID=12

7.) In addition, these are popular websites which feature the plaintiff's music

https://music.apple.com/us/artist/satish-dat-beast/199154290

https://www.amazon.com/Very-Best-Satish-Beast-Explicit/dp/B00PJARJ78

https://open.spotify.com/album/6iO4f55AzRLFTQoNUqSfkw

https://www.iheart.com/artist/satish-dat-beast-804654/

https://tidal.com/browse/artist/10951645

https://www.soundclick.com/satishdatbeast

8.) These are the results when somebody does a Google search for the key words "Satish Dat Beast" involving search engine optimization (SEO) about which the plaintiff learned from the late Beryl Wolk of Jenkintown, Pennsylvania and The Goodway Group

https://www.google.com/search?q=Satish+Dat+Beast&sca_esv=ccca17a2e78580eb&sxsrf=AHTn8zroGgpRdNFa-VeMCCGl5_ZwIpAQYg%3A1743312643433&ei=A9foZ_2WGoWNwbkP_7qb4Aw&ved=0ahUKEwi9pODWibGMAxWFRjABHX_dBswQ4dUDCBA&uact=5&oq=Satish+Dat+Beast&gs_lp=Egxnd3Mtd2l6LXNlcnAiEFNhdGlzaCBEYXQgQmVhc3QyBBAjGCcyBBAjGCcyBBAjGCcyBRAAGO8FMggQABiiBBiJBTIFEAAY7wUyCBAAGIAEGKIEMgUQABjvBUjUFlAAWKIUcAB4AJABAJgB9QGgAe8MqgEGMTIuMy4xuAEDyAEA-AEBmAIQoAKEDsICCxAAGIAEGJECGIoFwgIIEAAYBBixAxjRAxgOwgIIEAAYgAQYsQPCAghEAxhDGIMBwgIIEAAYsQMYgwHCAgsQABiABBiSAxiKBcICBhAAGBYYHsICBRAAGIAEGLEDwgILEAAYgAQYkQIYigXCAgoQABiABBixAxgKGNoDiEBcAwYQYQxiKBcICEBAuGIAEGLEDGIMBGNQCGIoFwgIKEAuGIcCwgIFECgYAQgYCCAgYQAgYWGB7CAsQABiABBiGAxiKBZgDAJIHBTkuNi4xoAewhgI&sclient=gws-wiz-serp

9.) In addition, these are the results from the search engine for "satish Dat Beast" on YouTube which is a well-known subsidiary of Google and the parent corporation Alphabet publicly-traded on New York Stock Exchange (NYSE) or NASDAQ as over-the-counter market (OTC) for technology stocks

https://www.youtube.com/results?search_query=Satish+Dat+Beast

## II.) PARTIES TO THIS LITIGATION

1.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast). His current mailing address is 5108 Cornelias Prospect Drive, Bowie, Maryland 20720. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

2.) The first defendant is World Intellectual Property Organization (WIPO).34, chemin des Colombettes, CH-1211 Geneva 20, SwitzerlandWIPO Coordination Office **2 UN Plaza, Suite 2525 New York, NY 10017(+1) 212-963-4801**
**https://www.wipo.int/about-wipo/en/new_york/**

3.) The second defendant is International Monetary Fund (IMF).

4.) The third defendant is World Bank1818 H Street NW, Washington, DC 20433+1 (202) 473-1000 and the fax number is +1 (202) 477-6391

5.) The fourth defendant is European Union, EESC headquarters: Rue Belliard/Belliardstraat 99-101, 1040 BrusselsTheir phone number is +800 6 7 8 9 10 11

6.) The fifth defendant is European Economic Community (EEC)European Commission, rue de la Loi 200, B-1049 Brussels, Belgium and the fax number is +32.2.296.95.58. Their phone number is +800 6 7 8 9 10 11

## III.) JURISDICTION AND VENUE

7.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

8.) Because the court does not already have personal or subject matter

jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

9.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Eastern Louisiana (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

10.) As an Article III court, the U.S. District Court for the District of Louisiana also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

11.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

12.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

13.) Because the amount in controversy does exceeds $75,000 (i.e. $500,000,000,000 is more than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

14.) Pursuant to **35 U.S.C. Section 101**, the plaintiff is trying to obtain a design patent or utility patent for three ideas in particular related to quantum mechanics, astrophysics, general relativity, and special relativity

15.) Pursuant to the landmark case of ***Diamond v. Chakrabarty***, a Hindu scientist working for General Electric was able to obtain a patent for a microorganism that cleaned up oil spills according to the **Plant Variety Act or Plant Patent Act**.

16.) Accordingly, the legal paperwork required for this process is usually a **Notice of Allowance (NOA), Request for Continued Examination (RCE), and Continued Prosecution Application (CPA)** not to be confused with Certified Public Accountant and American Institute of Certified Public

Accountants (AICPA) who observe **generally-accepted accounting principles (GAAP)** promulgated by **Financial Accounting Standards Board (FASB)**.

17.) In addition, the plaintiff is filing a similar case in this jurisdiction against **World Intellectual Property Organization (WIPO) of Geneva, Switzerland** which would focus on an **International Application (IA)** submitted according to **Patent Cooperation Treaty (PCT)**.

18.) As such, the WIPO and USPTO both have jurisdiction and authority to issue a patent nationally in United States according to patent examiners at USPTO and internationally in Geneva, Switzerland according to WIPO and their patent examiners subject to Patent Cooperation Treaty (PCT) involving an International Application (IA) and perhaps **Trade Related Aspects of Intellectual Property (TRIPS)** such as the licensing of generic pharmaceuticals created by **General Agreement on Tariffs and Trade (GATT)** better known as **World Trade Organization (WTO)**.

19.) The important offices under the jurisdiction of USPTO are the **Office of Initial Patent Examination (OIPE)** and **Technology Center (TC)** which supposedly would handle the aforementioned forms of Request for Continued Examination (RCE), Continued Prosecution Application (CPA), and/or the final Notice of Allowance (NOA).

## V.) COUNT ONE: TORTIOUS INTERFERENCE WITH CONTRACT

1.) Tortious interference with contract arises when a defendant intentionally convinces or causes a third party to breach its contract with the plaintiff, which results in damages to the plaintiff. Some courts refer to the claim by other names, such as tortious or intentional interference with contractual relationship or contract rights.

2.) The elements of the tort can vary by state but generally include the following:

   A.) A valid contract between the plaintiff and a third party exists.

   B.) The defendant has knowledge of that contract.

C.) The defendant has the requisite intent to induce the third party to breach the contract with the plaintiff.

D.) The defendant lacks justification to induce that breach.

E.) The breach causes damages to the plaintiff.

## VI.) COUNT TWO: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

3.) Tortious interference with business relationship is a similar claim that typically arises when no valid contract exists and a defendant intentionally interferes with the business relationship between a third party and the plaintiff, resulting in damages to the plaintiff. Some courts refer to the claim by other names, such as tortious or intentional interference with prospective or existing business advantage, tortious or intentional interference with prospective or existing economic advantage, and tortious or intentional interference with business expectancy.

4.) The elements of the tort can vary by state but generally include the following:

A.) A business relationship exists between the plaintiff and a third party that affords the plaintiff some legal right.

B.) The defendant has knowledge of that relationship.

C.) The defendant has the requisite intent to interfere with the relationship between the third party and the plaintiff.

D.) The defendant lacks justification to interfere with that relationship.

E.) The breach causes damages to the plaintiff.

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking punitive, compensatory, and treble damages in the approximate amount of $500 billion against the 5 governmental defendants as supranational organizations seeking joint and several liability whereby the defendants would presumably seek contribution and indemnity from each other through the filing of cross-claims. The plaintiff is also requesting that the first two defendants World Intellectual Property Organization (WIPO) award the plaintiff with both a design patent and utility patent for his ideas related to quantum mechanics, astrophysics, general relativity, and special relativity without having to go through the " red tape" of obtaining a patent or intellectual property law attorney to fill out the paperwork associated with an International Application (IA) in accordance with the Patent Cooperation Treaty (PCT). In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) This proposed judgment in the amount of $500,000,000,000 would be considered to be punitive, compensatory, and treble damages for both the tortious interference with contracts and tortious interference with business relations according to Restatement (Third) of Torts and perhaps the Restatement (Second) of Contracts despite the Gist of the Action Doctrine separating common law tort issues from common law contract issues and the sale of goods in excess of $500 regulated by Article 2 of Uniform Commercial Code (UCC)..

B.) This proposed judgment of $500,000,000,000 would also be considered to be expectation, reliance, restitution, incidental, liquidated, consequential damages

according to the common law of contracts although not the Uniform Commercial Code (UCC) Article 2 applied to the sale of goods in excess of $500.00 presumably because the Uniform Commercial Code (UCC) drafted by Uniform Law Commissioners only applies within United States and not to supranational organizations on the international level such as defendants.

C.) The plaintiff is also seeking the equitable remedy of an injunction requiring and/or mandating that the first defendant World Intellectual Property Organization (WIPO) in particular provide the plaintiff with a design patent and/or utility patent for his three ideas related to astrophysics according to 35 U.S.C. Section 101 and a broad interpretation of the stare decisis/controlling precedent of **_Diamond v. Chakrabarty_**.

D.) The plaintiff argues that the defendants World Bank and International Monetary Fund (IMF) have structural adjustment programs or SAP's to help people in Less Developed Countries (LDC's) particularly in sub-Saharan Africa where there is the compulsory licensing of generic pharmaceuticals and this public policy on the international level should be applied to the plaintiff with regards to his purported or lodged patent application as an International Application (IA) involving Patent Cooperation Treaty (PCT) and/or national application involving a broad interpretation of Diamond v. Chakrabarty and the black-letter law of 35 U.S.C. Section 101.

Respectfully submitted,

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com

Satish Emmit
5108 Cornelias Prospect Drive
Bowie, Maryland 20720







CLERK, U.S. DISTRICT COURT
RECEIVED
APR 07 2025
EASTERN DISTRICT OF TEXAS
LUFKIN, TEXAS

Attn: Clerk of the Court
United States District
Court of Eastern Texas
Ward R. Burke U.S. Courthouse
104 North Third Street
Lufkin, Texas 75901